UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

EMMETT MADISON GRAHAM, JR.,
　　　　　*Claimant-Appellant,*

and

GRAHAM LAND, COLUMBUS COUNTY, as described in Book 278, Page 425 of the Columbus County Registry, North Carolina, and being physically located at Route 2, Box 208 Whiteville, Columbus County, North Carolina, and being titled in the names of Emmett Graham, Jr. and wife, Evelyn M. Graham (a concurrent life estate) and Emmett Madison Graham, III and Rodney Lee Graham (the remainder interest in fee simple as tenants in common); and any and all proceeds from the sale of said property,
　　　　　*Defendant.*

No. 01-1954

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CA-99-178-7-F)

Submitted: December 30, 2002

Decided: January 24, 2003

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Emmett Madison Graham, Jr., Appellant Pro Se. Paul Martin Newby, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Emmett Madison Graham, Jr., appeals from the district court's order granting the Government's motion for summary judgment for forfeiture of Graham's interest in 28.60 and 6.05 acre parcels of property based upon drug-related activity conducted on them. Graham first argues that a prior vacatur of a criminal forfeiture of the 6.05 acre parcel bars the civil forfeiture action. We find no such bar. There was no double jeopardy violation because civil forfeitures, like the one here under 21 U.S.C. § 881(a)(7) (2000), do not constitute punishment for double jeopardy purposes. *United States v. Ursery*, 518 U.S. 267, 270-71 (1996).

Next, Graham argued that the Government did not timely file the civil forfeiture action. The district court did not address the timeliness issue in its order. Under 19 U.S.C. § 1621 (2000), a forfeiture complaint must be filed "within five years after the time when the alleged

offense was discovered . . . ."* Graham argues that the main reliance on forfeiting the property is a home invasion effected in January 1993. The Government did not file the civil forfeiture action until September 24, 1999—more than five years after the home invasion. The Government's forfeiture claim relied upon the sworn declarations of Stephen Netherland, Criminal Specialist, North Carolina Bureau of Investigation.

After a careful review of the record before us, we find that Stephen Netherland's declarations do not clearly state all the necessary dates to determine the timeliness of the Government's filing. Particularly inconclusive is the date on which government agents first learned from Kenneth Spence that his home had been invaded by a group, of which Graham was part, and that Spence found his stolen marijuana on Graham's property. We note the civil forfeiture record also does not contain any trial testimony from Netherland, nor does it contain the relevant portions of Richard Crowell Arp, Jr.'s testimony regarding his cooperation with Netherland.

For these reasons, we find it necessary to remand the case to the district court for a determination of whether the Government timely filed the civil forfeiture action. We deny Graham's motion to proceed in forma pauperis as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*Although § 1621 addresses forfeitures effected under the customs laws, 21 U.S.C. § 881(d) (2000) specifically adopts the provisions regarding forfeiture for customs violations. This includes the five-year limitations period. *See United States v. James Daniel Good*, 510 U.S. 43, 63 (1993).